PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* ALFONSO LUQUIS, Defendant; and MANUEL J. JIMÉNEZ, Defendant and Appellant.

No. 4965. Argued March 21, 1933.—Decided July 11, 1933.

*González Fagundo & González, Jr.,* for appellant. *R. A. Gómez, Fiscal,* for appellee.

MR. JUSTICE WOLF delivered the opinion of the Court.

This is the appeal of Manuel J. Jiménez in a case where he and Alfonso Luquis were convicted of transporting adulterated milk intended for human consumption. When the inspectors seized the milk the only one of the defendants who was in the scene of action was Alfonso Luquis, who it is conceded was the employee of another person. The Government attempted to prove that that other person was Manuel J. Jiménez, codefendant in this case. The inspectors took samples of the milk, gave one of them to Luquis, but did not deliver one to Jiménez. The People of Puerto Rico did not come to the trial well prepared to prove its case against Jiménez. So much was this so that one of the inspectors on the stand requested time to return to his office in order to bring the original record of Jiménez. In point of fact, it was not distinctly shown at the trial that Jiménez had a license to operate a milk shop. One of the witnesses testi-

fied that the car in which the milk was being conducted had a sign or label which showed the name of Jiménez and the number of his license. This witness also said that Luquis at the date of the alleged transportation was selling milk from the milk depot of Manuel Jiménez. This witness later on stated that he could not say whether the milk that was being sold came from the depot of Manuel J. Jiménez or from any other shop. On cross-examination, the witness said that he knew that Manuel Jiménez was the owner of the milk in accordance with the license that was issued to him. The defendant Jiménez objected to this latter statement, the court overruled the objection, and the defendant took an exception. There was a good deal more testimony and a good part of it, if not all, was objected to and some of it was stricken under the orders of the court. Nevertheless, the court found Jiménez guilty as charged.

On appeal the sole error assigned is that the court erred in weighing the evidence. No error was assigned with respect to some of the evidence which was, we think, unduly admitted. On the whole, we do not think it was proved beyond a reasonable doubt that this milk proceeded from the shop of Manuel Jiménez. Considering all of the testimony objected to and not objected to, there was some circumstantial evidence tending to prove the guilt of Manuel Jiménez, but this circumstantial evidence was not enough in itself to show that the milk actually proceeded from the shop of Manuel Jiménez, admitting that the car was his and even that Luquis was his employee, a matter not clearly enough proved. There was no satisfactory proof that the milk was taken from the shop of Manuel Jiménez. The possibility is not excluded that the milk may have proceeded from another source. If the objected evidence is considered, there was less to justify the court in finding the defendant guilty.

Of course, from all the evidence in the case one may extract the idea that there is a probability that Jiménez was

314

guilty, but the law requires something more. It requires something approaching certainty; in other words, that the guilt of the defendant should be proved beyond a reasonable doubt. In a criminal case the innocence of the defendant is presumed and the rules of law are made in great part to protect the innocent. If Jiménez, being guilty, could be convicted on the class of evidence introduced in this case, so could any man who was totally innocent of a crime. We are not satisfied that the guilt of Jiménez was really proved or proved beyond a reasonable doubt.

The judgment should be reversed and the defendant Jiménez discharged.

Mr. Chief Justice Del Toro dissented.